# Exhibit A

TYLER D. ELDREDGE  :
    PLAINTIFF  :  JURY TRIAL DEMANDED
V.  :  COURT DOCKET NUMBER(S):
JOHNSON & JOHNSON  :
  :
  :
  :

## COMPLAINT FOR DAMAGES

**COMES NOW,** Pro-Se Plaintiff, **Tyler D. Eldredge,** In Propia Persona, who submits this Civil Action for the folllowing reasons:

## JURISDICTION

[1] This Honorable Court has equity jurisdiction pursuant 42 PA.C.S.A Section 931.

## PARTIES

[2] The Plaintiff, TYLER D. ELDEREDGE, resides at 125 Greenland Drive, Lancaster, PA, 17602, but is currently housed at SCI-LAUREL HIGHLANDS, a level-two, minimum security correctional facility, located at 5706 Glades Pike, Somerset, PA 15501.

[3] The Defendants are Johnson & Johnson Corporation, who can be contacted at, 1 Johnson & Johnson Plaza, New Brunswick, New Jersey, Middlesex County, 08933-0002, (732) 524-0400, C/O Alex Gorsky, CEO.

## BASIS OF CLAIM

September, 2021, Plaintiff was incarcerated at Lancaster County Prison, 625 East King Street, Lancaster, PA, 17602. After testing positive for Covid-19 virus for the second time in five months, plaintiff was very concerned about his well being and overall physical health. Plaintiff received Johnson & Johnson vaccination shot on September 21st, 2021. Johnson & Johnson vaccine was the only available vaccine at the time for the plaintiff to chose from. Plaintiff was concerned for his health and well being and was also under pressure to get vaccinated or suffer the consequences including loss of job, visitation rights, and also be quarantined in solitary confinement 24 hours per day until he was fully vaccinated.

October, 2021, After being vaccinated plaintiff started expeirencing symptoms such as stomach aches, headaches, muscle and joint soreness and trouble breathing. Plaintiff continues to suffer from these ailments. Plaintiff sought medical attention for the symptoms and was told by a physician that this is "possibly just a new normal and he should get used to it". Plaintiff was also told that these symptoms could have possibly been caused by Johnson & Johnson vaccine.

December 17th, 2021, Pennsylvania Department of Corrections (D.O.C.) where the plaintiff is currently residing was made aware that a committee of advisors unanimously voted to the CDC that individuals should utilize Pfizer and Moderna vaccines over Johnson & Johnson following concerns over rare and sometimes fatal blood clots. Plaintiff already suffers from veinous deffiency in his legs. Plaintiff is a very high risk for life threatening blood clots. Plaintiff would have deffered Johnson & Johnson vaccination shot if this information would have been divulged earlier. CDC has said side effects that might be experienced are severe headaches, abdominal pain, leg pain or shortness of breath. Plaintiff has and still suffers from all these symptoms. Plaintiff sought medical attention following this report and was told nothing could be done to reverse the affects if any the plaintiff was experiencing. This news has caused tremdous mental and physical pain and worry for the plaintiff, who is very concerned about his overall health and well being.

March 30th, 2022, The Pennslyvania Department of Corrections at all State Correctional Institutions will begin to eliminate unvaccinated units, and will begin integrating them with our vaccinated population. Unvaccinated inmates will now be permitted to return to their previous work location at their previous rate of pay, and may now be transported with vaccinated inmates. They may also participate in programming, education, and religious services off their unit.

April 4th, 2022, the Department of Corrections will also adjust its testing protocal. The Department will move to managing symptomatic cases only. They will no longer test prior to intra-system transfer, release, or before medical trips unless the tests are required by the medical provider. Enhanced quarantine procedures will be modified and will result in the reduction or elimination of enhanced quarantine procedures for transfers, return from medical trips, or pending tests results. They are also removing the inmate visitor vaccination requirement. Starting April 18th, 2022, families may begin to schedule visits for unvaccinated inmates.

The Plaintiff was forced into taking the (Jansen), Johnson & Johnson vaccine or suffering the consequences that are no longer being enforced by the Pennslyvania Department of Corrections, only to find himself suffering physical side effects and complications to his health and mental well being that is now possibly just a "new normal" he must live with. This is clearly the definition of cruel and unusual punishment.

Since contracting the Covid-19 virus and receiving the Johnson & Johnson vaccine. Plaintiff has been experiencing respitory problems, severe headaches, joint pains and upset stomach. Plaintiff asked repeatedly to be seen and treated by medical staff for these symptoms. If this is a "new normal" for the plaintiff to live it is a very unpleasant "new normal", not only physically but mentally as well. The plaintiff was pressured into taking a vaccine produced by Johnson & Johnson under the impression it was going to help his standard of health only to find out his "new normal" way of living and his standard of health may now be much worse.

## CONCLUSION

Inconclusion the Plaintiffs Eighth Amendment rights were violated. The Eighth Amendment, made applicable to the States Fournteenth Amendment prohibits the infliction of "cruel and unusual punishments" on convicted prisoners. To establish a violation of the Eighth Amendment, it is necessary to show two things: [1] A deprivation of a basic human need (such as food, clothing, shelter, exercise, <u>medical care, or reasonable safety.</u> **Helling v. Mckinney 509 U.S. 25, 31-32(1993).**

    The Eighth Amendment protects against conditions that pose an unreasonable risk of future harm as well as those that are currently causing harm. **Helling 509 U.S. at 33**. Which this claim clearly states. There was a deliberate indifference on the part of one or more of the above said defendants in this case. Deliberate indifference to serious medical needs violates the Eighth Amendment. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain." Factors that should guide the analysis include but are not limited to,"(1) Whether a reasonable Doctor or Patient would perceive the medical need in question as important and worthy of comment ot treatment, (2) Whether the medical condition significantly affects daily activities and (3) the existence of chronic and substantial pain." **Brock v. Wright 315 f.3d 158,162 (2dCir.2003).**

## RELIEF REQUESTED

For the torts inflicted upon him by the said defendants. The Plaintiff under the color of law seeks compensation for actual physical damages, as well as mental, emotional, and psycological injuries inflicted upon him.

The Plaintiff seeks Compensatory Damages against all parties in their personal and/ or professional capacities in the amount of $100,000 per defendant. Plaintiff seeks Punative Damages against all parties in their personal and/ or professional capacities in the amount of $100,000 per defendant. The Plaintiff seeks reimbursment for loss wages, legal expenses and fees, and other expenses against all parties in their personal and/ or professional capacities in the amount of $100,000.

On Monday the 11th day of April 2022. The Pro-Se Plaintiff, Tyler D. Eldredge, in Propia Persona, executes this document, declaring under the penalty of perjury that the foregoing Civil Suit and all the facts herein, are true and correct.

Original Signed

_____

Mr. Tyler D. Eldredge, Pro-Se Petitioner

Acting in Propia Persona.

## PROOF OF SERVICE

      I hereby certify that I am this day, serving the foregoing Petition For Removal of Current Appointed Attorney and Leave to Appoint New Attorney, by depositing same into Institutional Mailbox, to be processed by Pre-paid First Class Postage, U.S. Mail, which satisfies the requirements of PA.R.A.P. 122:

Alex Gorsky, CEO, JOHNSON & JOHNSON CORPORATION
1 Johnson & Johnson Plaza, New Brunswick, New Jersey
Middlesex County, 08933-0002, (732) 524-0400


Respectfully Submitted,