**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TYLER D. ELDREDGE, | : | |
|       Plaintiff, | : | |
| | : | |
|       v. | : | Civil No. 5:22-cv-01991-JMG |
| | : | |
| JOHNSON & JOHNSON, | : | |
|       Defendant. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                             **July 11, 2022**

At issue here is whether Defendant Johnson & Johnson may be held liable under 42 U.S.C.

§ 1983 for manufacturing its COVID-19 vaccine.  Before the Court is Johnson & Johnson's motion

to dismiss.  Johnson & Johnson is not a state actor, so the Court grants the motion.[1]

## I.     FACTUAL ALLEGATIONS[2]

*Pro se* Plaintiff Tyler Eldredge is an inmate who, at all times relevant to this action, was

---

[1]       Johnson & Johnson filed the instant motion on May 25, 2022.  On June 13, 2022, the Court ordered Plaintiff to "file a response in opposition to the Motion to Dismiss no later than Monday, June 27, 2022." (Order at ¶ 2, ECF No. 4.)  The Court further advised Plaintiff that "his failure to respond to the Motion to Dismiss may result in the dismissal of the case without further notice." (*Id.* at ¶ 3.)

      To date, Plaintiff still has not responded to Johnson & Johnson's motion.  The Local Rules of Civil Procedure authorize dismissal in such a situation.  E.D. PA. LOC. CIV. R. 7.1(c) ("In the absence of timely response, the motion may be granted as uncontested . . . .").  But considering Plaintiff's *pro se* status, the Court will nevertheless evaluate the merits of his motion.  *See Lewis v. English*, No. 20-2790, 2022 WL 407376, at *2 (E.D. Pa. Feb. 10, 2022) ("[T]he Third Circuit Court of Appeals discourages dismissing *pro se* civil rights actions based solely on a plaintiff's failure to respond to a motion to dismiss without considering the merits of that motion." (citation omitted)).

[2]       Eldredge's allegations are "accepted as true and construed in the light most favorable to him." *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017) (citation omitted).

incarcerated at Lancaster County Prison.  (Compl. at 2, ECF No. 1-1.)  On September 21, 2021, Eldredge received Johnson & Johnson's COVID-19 vaccine.  (*Id.*)  Eldredge alleges that he fell ill with side-effects the following month.  (*Id.*)  He sought medical attention after experiencing "stomach aches, headaches, muscle and joint soreness[,] and trouble breathing."  (*Id.*)  A physician allegedly told Eldredge that he "should get used to it," and that his "symptoms could have possibly been caused by [the] Johnson & Johnson vaccine."  (*Id.*)  Eldredge fears that his "standard of health may now be much worse," and maintains that he was pressured into taking the vaccine.  (*Id.* at 3.)

Eldredge now invokes the Eighth Amendment.  (*Id.*)  More specifically, he claims that Johnson & Johnson rendered cruel and unusual punishment.  (*Id.*)  As relief, he requests $100,000 in compensatory damages, $100,000 in punitive damages, and $100,000 reflecting lost wages, legal expenses, and fees.  (*Id.* at 4.)

## II.    STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted).

"On a motion to dismiss, the district court must read a *pro se* plaintiff's allegations liberally

and apply a less stringent standard to the pleadings of a *pro se* plaintiff than to a Complaint drafted by counsel." *Perlberger v. Caplan & Luber, LLP*, 152 F. Supp. 2d 650, 653 (E.D. Pa. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).  That said, "pro se litigants are still required to assert sufficient facts in their complaints to support a claim." *Baker v. Ahsan*, 785 F. App'x 904, 906 (3d Cir. 2019) (citation omitted).

## III.   DISCUSSION

The Court construes the Complaint as raising a constitutional claim of cruel and unusual punishment under 42 U.S.C. § 1983.  "In order to establish a § 1983 claim, a plaintiff must demonstrate that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States." *Simonton v. Tennis*, 437 F. App'x 60, 61–62 (3d Cir. 2011) (citing *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000)).

The first element is at issue here.  Johnson & Johnson argues that it is not a state actor, and so cannot be held liable under § 1983.  (*See* Def.'s Mem. at 10, ECF No. 3.)  A private entity, like Johnson & Johnson, "is only liable under § 1983 if it 'may fairly be said to be a state actor.'" *Cahill ex rel. L.C. v. Live Nation*, 512 F. App'x 227, 230 (3d Cir. 2013) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  And a private entity may be classified as a state actor where: "(1) the private entity was exercising powers traditionally within the exclusive prerogative of the state; (2) the private party acted with the aid of or in concert with state officials; or (3) there is a sufficiently close nexus between the state and the challenged action of the [actor] so that the action may be fairly treated as that of the State itself." *Parker v. Sch. Dist. of Phila.*, 346 F. Supp. 3d 738, 750 (E.D. Pa. 2018) (internal quotation marks and citation omitted).  This inquiry is inherently fact intensive, regardless of the test applied. *Crissman v. Dover Downs Ent.*

*Inc.*, 289 F.3d 231, 239 (3d Cir. 2002).

Eldredge pleads no facts suggesting that Johnson & Johnson is a state actor.  He does not allege that Johnson & Johnson exercised traditional state powers.  He does not allege that Johnson & Johnson acted in concert with any state officials.  Nor does he allege that Johnson & Johnson shares a sufficiently close nexus with any state officials.  All he alleges is that Johnson & Johnson produced the vaccine that he received while incarcerated.  That does not make Johnson & Johnson a state actor for purposes of § 1983.  *See, e.g.*, *Holtcamp v. Janssen Sci. Affs.*, No. 14-4780, 2014 WL 5361934, at *3 (D.N.J. Oct. 21, 2014) (dismissing § 1983 claim against manufacturer of medicine used by prison officials); *Guillotte v. Lafourche Par.*, No. 21-1400, 2022 WL 775339, at *4 (E.D. La. Feb. 11, 2022) ("[T]he fact that a corporation . . . manufactured a medical product that allegedly caused injury does not support an inference of state action by the private corporation even if prison medical officials used that product on a prisoner/plaintiff." (citation omitted)); *Kaminski v. Oniyuke*, No. 3:19-cv-58, 2019 WL 1877075, at *2 (D. Conn. Apr. 26, 2019) ("[T]he fact that [defendant] manufactured a defective medical device, and state medical officials used that device, does not support an inference of state action on the part of the private corporation." (citation omitted)).  As such, Eldredge's claim must be dismissed.

## IV.   CONCLUSION

"Maintenance of a section 1983 claim requires a showing that the defendant acted under color of state law."  *Melo v. Hafer*, 912 F.2d 628, 638 (3d Cir. 1990).  Here, Eldredge has not alleged that Johnson & Johnson, a private party, is a state actor.  The Court cannot conceive of an amendment that would cure this shortcoming.[3]  For those reasons, Eldredge's claim is dismissed

---

[3]   The Court is cognizant that leave to amend should ordinarily be granted.  *See, e.g.*, *Shelley v. Wilson*, 152 F. App'x 126, 129 (3d Cir. 2005) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002)).  However, "[l]eave to amend is properly denied if amendment would be

with prejudice.  An appropriate order follows.

BY THE COURT:


/s/ John M. Gallagher
JOHN M. GALLAGHER
United States District Court Judge

---

futile." *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018).  Such is the case here.